UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL D. HALL, | No. C 13-5580 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| PELICAN BAY STATE PRISON; et al., | |
| Defendants. | |

Terrell D. Hall, an inmate at the California State Prison - Sacramento, filed this *pro se* civil rights action under 42 U.S.C. § 1983 to complain about conditions at Pelican Bay State Prison, where he was incarcerated earlier in 2013. The court reviewed the amended complaint under 28 U.S.C. § 1915A, and dismissed it with leave to amend. Docket # 18. The court provided very detailed instructions to Hall about the problems he had to cure in a second amended complaint. Hall filed a second amended complaint, which is now before the court for initial review under 28 U.S.C. § 1915A.

The second amended complaint does not cure the deficiencies identified in the order of dismissal with leave to amend. The allegations regarding the food contamination and the surreptitious administration of hormone shots suffer the same implausibility problems that existed in the amended complaint, and fail to state a claim for the reasons stated at pages 4-5 of the order of dismissal with leave to amend. The allegations of verbal harassment do not state a claim under § 1983 for the reasons stated at page 5-6 of the order of dismissal with leave to amend. The allegations regarding the alleged interference with his legal mail do not contain any plausible allegations that any failure of his mail to get from him to a recipient (or vice versa) was caused by any defendant and therefore do not state a claim of interference with legal or regular

mail for the reasons stated at pages 6-7 of the order of dismissal with leave to amend. The second amended complaint also does not allege a cognizable retaliation claim because it does not allege the elements listed at page 6 of the order of dismissal with leave to amend.

The second amended complaint alleges that Hall was put in the enhanced outpatient program ("EOP") despite his wishes not to be put at that level of care.[1] *See* Docket # 26 at 6. He alleges that "psych Doctor Brown" decided to place him in the EOP after meeting with him. When he met with Dr. Brown, Hall told him that he (Hall) was not on any medications and did not even want to remain in CCCMS (i.e., a lower level of mental health care) in the CDCR's mental health care delivery system. Even with liberal construction, these allegations do not state a § 1983 claim. Deliberate indifference to a prisoner's serious medical needs amounts to a violation of his Eighth Amendment rights. *See generally Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The court is unaware of legal authority supporting the proposition that providing a greater level of mental health care amounts to deliberate indifference to a prisoner's mental health needs. The placement of Hall in the EOP did not amount to deliberate indifference to his mental health needs, particularly given the absence of any allegations that he was medicated in the EOP or suffered any other adverse consequence as a result of his placement in it. The second amended complaint fails to state a claim based on Hall's placement in the enhanced outpatient program.

The second amended complaint alleges that Hall was knocked unconscious on June 28, 2013 on the yard by an inmate. *See* Docket # 26 at 5; Docket # 26-3 at 20 (institutional classification committee report stating that Hall was placed in ad-seg because he had been the victim of a battery by another inmate on June 28, 2013). Insofar as plaintiff is attempting to allege a claim based on this incident, the second amended complaint fails to state a claim

---

[1] The "Enhanced Outpatient Program (EOP) provides care to mentally disordered inmate-patients who would benefit from the structure of a therapeutic environment that is less restrictive than inpatient settings. This may include response to crisis symptoms which require extensive treatment, but can be managed as outpatient therapy with several psychotherapy sessions or medication adjustment with follow-up visits." Mental Health Program Guide 8, California Department of California Department of Corrections and Rehabilitation, http://www.cdcr.ca.gov/dchcs/docs/mental% 20health% 20program% 20guide.pdf; *see also Williams v. Kernan*, 2009 WL 2905760, *1 (E. D. Cal. 2009) (describing the four levels of care in the CDCR's mental health delivery system).

2

because plaintiff failed to allege facts linking any defendant to this claim, in disregard of the directions at page 7 of the order of dismissal with leave to amend, and failed to allege that any "prison officials acted with deliberate indifference to a known risk" to his safety. *See* Docket # 18 at 6.

For the foregoing reasons, the second amended complaint is DISMISSED for failure to state a claim upon which relief may be granted against a defendant. Further leave to amend will not be granted because it would be futile: the court has already permitted amendment after explaining in great detail what Hall needed to do to cure his pleading deficiencies and failed to do so.

Plaintiff's request for an extension of the deadline to file his second amended complaint is GRANTED. Docket # 25. The second amended complaint is deemed to have been timely filed.

The clerk shall close the file.

IT IS SO ORDERED.

Dated: February 3, 2015

_____
SUSAN ILLSTON
United States District Judge

3